**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MICHAEL DEWAYNE BROWN**                                             **PETITIONER**

**v.**                                                             **NO. 1:04CV380-M-D**

**WARDEN JENKINS, ET AL.**                                                **RESPONDENTS**

**FINAL JUDGMENT - DECLINING TO ADOPT THE
REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE –
AND DISMISSING THE INSTANT PETITION**

The court has considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge dated April 26, 2005, and the May 5, 2005, objections of the petitioner to the Report and Recommendation, as well as the May 9, 2005, objections of the respondents. The court finds that the petitioner's objections are without merit, but the objections of the respondents are meritorious. The court thus cannot adopt the April 26, 2005, Report and Recommendation of the Magistrate Judge. Nevertheless, as discussed below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

The Magistrate Judge found in his Report and Recommendation that the petitioner should be entitled to equitable tolling because his state post-conviction attorney, hired nine months after the conviction at issue became final, misled the petitioner regarding whether counsel had actually begun the state post-conviction process. Even if the facts bore out the petitioner's allegations, however, the petitioner would not be entitled to equitable tolling, as he did not pursue his post-conviction remedies with diligence. *Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002). Indeed, even a four-month delay in pursuing post-conviction remedies precludes invocation of equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). The petitioner waited nine

months to hire an attorney to pursue state post-conviction relief – then another three months to file the instant federal petition for a writ of *habeas corpus* after he learned of the state court's denial of post-conviction relief. The petitioner's delays, totaling approximately a year, constitute lack of due diligence and thus preclude this court from applying equitable tolling in this case. It is, therefore, **ORDERED**:

1. That the court **DECLINES TO ADOPT** the Magistrate Judge's April 26, 2005, Report and Recommendation;

2. That the instant petition for a writ of *habeas corpus* is hereby **DISMISSED** with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d);

3. That this case is **CLOSED.**

THIS, the 13th day of September, 2005.

                                                              /s/ Michael P. Mills
                                               **UNITED STATES DISTRICT JUDGE**